UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff-Respondent,

          v.

ALLEN K. YOUNG,

          Defendant-Petitioner.

NOS. 1:21-CV-05253
     1:17-CR-00082

Judge Edmond E. Chang

MEMORANDUM OPINION AND ORDER

Allen Young was convicted by a jury for five counts of sex trafficking in violation of 18 U.S.C. § 1591(a), and one count of attempted sex trafficking in violation of 18 U.S.C. §§ 1591(a), 1594(a). CR. 188, Jury Verdict.[1] He moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing, among other things, that his appellate counsel rendered ineffective assistance.[2] R. 1, Young's Mot. For the reasons discussed below, Young's motion is denied, and no certificate of appealability will issue.

## I. Background

In the first indictment, Young was charged with four counts of sex trafficking and two counts of attempted sex trafficking for his conduct as to five minors. CR. 9,

---

[1]Citations to the record in the civil docket are "R." followed by the docket entry number and, if needed, a page or paragraph number. "CR." refers to the docket in the criminal case, *United States v. Young*, No. 17-CR-00082.

[2]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 2255 and 28 U.S.C. § 1331.

Indictment. As to each count, the government contended that Young (1) knowingly (or knowingly attempted to) "recruit, entice, harbor, transport, provide, obtain, and maintain" minors and (2) benefited (or attempted to benefit) financially from a venture engaged in "recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining" minors in reckless disregard of their age and the fact that the minors would be caused to engage in commercial sex acts. *Id.*

As the parties proceeded toward trial, which was scheduled to begin on May 14, 2018, CR. 131, 02/07/18 Minute Entry, the government sought to narrow the indictment, CR. 105, Gov't's Mot. to Strike Allegations. In March 2018, a grand jury returned a superseding indictment, which narrowed the charges by omitting from each count allegations that Young "recruit[ed]" or "entice[d]" any of the five victims. CR. 135, Superseding Indictment. The superseding indictment also adjusted Count Six (about Minor E) from a claim of attempt to a claim alleging that Young did in fact sex traffic Minor E. *Compare id.* at 6 *with* Indictment at 6.[3]

Shortly after the superseding indictment was returned, Young elected to proceed to trial pro se with standby counsel. CR. 143, 04/24/18 Minute Entry. The Court permitted Young to do so only after an extensive hearing to confirm that he was doing so "with eyes open" to "the dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975); *see generally* CR. 269, *Faretta* Hearing Tr. At that point, the government transmitted directly to Young all of the discovery that had

---

[3]Unless otherwise noted, citations are to the PDF page numbers of the filing.

2

previously been disclosed to his counsel, and the government noted the addition of the grand-jury transcript in support of the superseding indictment. CR. 224, Exh. A to Gov't Resp. to Allen's Mot. for Evidence at 93–94.

A six-day jury trial ensued. The government argued in opening and closing statements that Young "facilitated" the prostitution of several minors by advertising them online, taking them to and from dates, and providing them with food and other items. *Compare* CR. 227, Jury Trial Tr. Vol. 2A at 276:14–278:22 *with* CR. 235, Jury Trial Tr. Vol. 6A at 1187:12–:21. And in closing, the government went count by count to summarize the evidence it presented that supported, in its view, allegations that Young "transported," "provided," "obtained," "maintained," or (as to some victims) "harbored" the minors. Jury Trial Tr. Vol. 6A at 1196:10–1200:21. Likewise, the jury was instructed that the first element of each count required finding that Young "knowingly harbored, transported, provided, obtained, or maintained" the minors (or knowingly attempted to do so). CR. 184, Final Jury Instructions at 19, 27. The jury convicted Young of all six counts. Jury Verdict.

At the end of the government's case and later again at the close of the defense case, Young moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. CR. 175, Young's Rule 29 Mot. The Court reserved ruling on Young's Rule 29 motion, CR. 179, 05/18/18 Minute Entry, and later denied this motion, his motion for a new trial, and other motions, CR. 237, Order Denying Rule 29 Mot.

At sentencing, the Court confirmed the extent of Young's objections to the presentence investigation report, CR. 264, Sentencing Tr. at 8:23–10:10; addressed Young's objections, *id.* at 10:24–17:3; and re-calculated the offense levels on each count as well as the total offense level, *id.* at 17:4–22:25. The Court then confirmed Young's criminal-history category, *id.* at 23:8–23:13, and heard arguments from the government, Young's standby counsel, and Young on the sentencing factors found in 18 U.S.C. § 3553(a), *id.* at 25:9–34:3, 51:24–53:24. After considering the § 3553(a) factors, the Court sentenced Young to 252 months' imprisonment followed by 6 years' supervised release. *Id.* at 54:5–59:14. The Court also ordered Young to pay $37,750 in restitution, divided among the four minor victims who were sex trafficked. CR. 261, Judgment at 7.

Young timely appealed, CR. 255, Notice of Appeal, and the United States Court of Appeals for the Seventh Circuit affirmed Young's conviction and sentence, *United States v. Young*, 955 F.3d 608 (7th Cir. 2020). Young petitioned the United States Supreme Court for a writ of certiorari, and the Supreme Court denied Young's petition on December 7, 2020. *Young v. United States*, 141 S. Ct. 940 (2020) (mem.).

Young now asks the Court to vacate his sentence. Young's Mot. His motion, filed on October 4, 2021, centers on his belief that his appellate counsel rendered ineffective assistance (1) by failing to challenge an improper constructive amendment of the indictment; (2) by not arguing on appeal that this Court erred in denying his Rule 29 motion because he did not "entice" any minors; (3) by incorrectly arguing about whether he coerced any of the minor victims; and (4) by not raising a challenge

4

to his guidelines calculation. *Id.* at 8–12; *see also* R. 14, Young's Reply at 2–9, 12–13, 23–24, 28–30.

In a January 21, 2022, amendment to his § 2255 motion, Young also contends that his appellate counsel was ineffective for failing to argue that he was prejudiced by having to proceed to trial without copies of his superseding indictment and the transcript of any related grand-jury proceedings. R. 11, Amendment. In his view, this was a violation of the rule pronounced in *Brady v. Maryland*, 373 U.S. 83, 86 (1963), requiring the disclosure of exculpatory evidence. Amendment at 1–2; *see also* Young's Reply at 25, 29. His reply, filed on March 24, 2022, also presents other grounds upon which he seeks collateral relief: that (1) the government failed to prove that he took many of the actions described in § 1591(a), such as recruiting, enticing, or advertising; (2) the government failed to prove that his actions occurred "in or affecting interstate or foreign commerce" as required by the statute; (3) several testifying witnesses perjured themselves; and (4) certain evidence should have been suppressed as illegally obtained. Young's Reply at 3–11, 13–22, 26–27. The government opposes Young's motion on the merits and also contends that the arguments not in Young's initial motion are untimely. R. 13, Gov't Resp. at 13–25.

## II. Legal Standard

### A. Section 2255

Under 28 U.S.C. § 2255, a prisoner in custody pursuant to a federal sentence may move to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ….” 28 U.S.C. § 2255(a). In other words, to obtain relief under § 2255, Young must show that the error asserted is “jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice.” *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (cleaned up).[4]

Section 2255, however, “is not a substitute for direct appeal.” *Vinyard v. United States*, 804 F.3d 1218, 1226 (7th Cir. 2015); *see also Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985) (citing *United States v. Addonizio*, 442 U.S. 178, 184 (1979)). Consequently, “[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted.” *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). “[A] petitioner can overcome [the procedural-default] hurdle by showing either cause for the default and actual prejudice from the alleged error, or that he is actually innocent.” *Yang v. United States*, 114 F.4th 899, 912 (7th Cir. 2024) (cleaned up). There is an exception, however, for ineffective-assistance-of-counsel claims, which are not subject to the “cause and prejudice” standard. *See Massaro v. United States*, 538 U.S. 500, 503 (2003) (“[T]here is no procedural default for failure to raise an ineffective-assistance claim on direct appeal.”). That is because bringing ineffective-assistance

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

claims on direct appeal may create a risk that "defendants would feel compelled to raise the issue before there has been an opportunity fully to develop" the factual claims. *Id.* at 504. Here, many of Young's claims are based on allegations that his counsel was ineffective, so the Court proceeds under the *Strickland* standard where appropriate.

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. To win on his ineffective-assistance-of-counsel claim, Young must meet the familiar two-element, performance-and-prejudice standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, he must show that his trial counsel's performance was deficient and that prejudice resulted. *Id.* at 687. For the performance element, the question is whether "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. On prejudice, the question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Young must satisfy *both* elements of the standard to be entitled to collateral relief. *Id.* at 687.

Judicial review of counsel's performance "must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The Court must presume that "the challenged action might be considered sound trial strategy." *Id.*

7

(cleaned up); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying *Strickland* standard to ineffective-assistance claims about appellate counsel). Courts may reject ineffective-assistance-of-counsel claims under either prong without needing to address both. *Strickland*, 466 U.S. at 697.

### III. Analysis

The Court begins by defining the scope of arguments that can be considered in Young's collateral attack. Young's initial § 2255 motion was timely filed within the one-year limitations period in 28 U.S.C. § 2255(f). But for the Court to consider an argument presented after that one-year deadline, the later argument must "relate back to the date of the original pleading" by "ar[ising] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (cleaned up). "[R]elation back depends on the existence of a common core of operative facts." *Id.* at 659 (cleaned up). "[E]ven significant changes to a complaint can relate back" as long as the opposing party "had fair notice of the substance of the new allegations from the outset." *Coleman v. United States*, 79 F.4th 822, 829 (7th Cir. 2023) (cleaned up). And the Court must construe Young's pro se § 2255 motion liberally. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

But even liberally construing Young's original motion and subsequent filings, many of his later-filed arguments do not relate back. Young's initial motion raises arguments concerning the differences between his statute of conviction and the superseding indictment, and he also contends that his appellate counsel was deficient in failing to raise challenges to his sentence. But none of those issues—which are

8

questions of law or concern the calculation of his guidelines range—shares a "common core of operative facts" with his later-made arguments about *Brady* evidence, the sufficiency of the evidence about whether his acts occurred "in or affecting" interstate commerce, the claimed perjury by several witnesses, or the failure to suppress evidence that he believes was unlawfully obtained. Those later-made arguments are thus barred by the one-year statute of limitations. The Court does, however, consider on the merits his argument that his appellate counsel was ineffective for failing to argue that he did not violate § 1591(a) insofar as he purportedly did not "advertise," "recruit," "entice," "control," "solicit," "patronize," "promote," or "facilitate" the sex trafficking of any minors, Young's Reply at 3–9, because that argument, liberally construed, relates back to his ineffective-appellate-counsel contention that he did not "entice" any minors and thus similarly cannot be found to have violated § 1591(a), Young's Mot. at 8–11.

Young first argues that his appellate counsel was ineffective for not challenging the government's presentation of evidence at trial as a constructive amendment of the superseding indictment. Young's Mot. at 8–10. In his view, although the government withdrew its allegation that Young recruited or enticed minors in the superseding indictment, the evidence that the government presented at trial effectively made the same argument for recruitment and enticement because the Government argued that Young "promoted" and "facilitated" their sex work. *Id.* at 9.

This argument fails because his appellate counsel's performance was not deficient. To be sure, Young does have a right under the Fifth Amendment's Grand Jury

9

Clause not to be convicted of a charge broader than "those presented by the grand jury." *United States v. Hecke*, 147 F.4th 742, 753 (7th Cir. 2025) (cleaned up). And the superseding indictment did omit allegations that Young recruited or enticed the minors, so he could not have been convicted of recruitment or enticement. But § 1591(a) does not require the Government to prove that a defendant "recruits" or "entices" for that defendant to be found guilty of sex trafficking. Instead, the statute permits a conviction where a defendant (1) "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, *or* solicits" a person to engage in a commercial sex act; or (2) "benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in" the first clause. 18 U.S.C. § 1591(a) (emphasis added). The acts described in the first clause are thus "alternate means of violation." *Cf. United States v. Rice*, 520 F.3d 811, 817 (7th Cir. 2008).

Despite Young's insistence to the contrary, the government framed its arguments in terms of the statute's words, and the jury was properly instructed to consider whether Young "harbored, transported, provided, obtained, or maintained" the minors, Final Jury Instructions at 19, 27, not whether he recruited or enticed the minors. And the government's use of the general term "facilitate," which is not one of the enumerated actions in § 1591(a), does not lead to a different conclusion: facilitate is just another way of characterizing the various theories of liability set forth in the superseding indictment. The Seventh Circuit itself used the term in a case issued this year: "Section 1591 criminalizes *a variety of actions that facilitate* the sex trafficking

10

of minors ….” *United States v. Williams*, 127 F.4th 676, 685 (7th Cir. 2025) (emphasis added).

Young adds that his appellate counsel was ineffective for not arguing that the government improperly convicted him via constructive amendment because the language of the superseding indictment differed from that of the jury instructions. Young’s Reply at 2–4. He views as significant the fact that the superseding indictment separated the acts using the conjunctive “and,” while the jury instructions instead used the disjunctive “or.” *Id.* But this is a well-established approach of providing notice to a defendant: that is, to charge in the conjunctive, but prove in the disjunctive. “Where the relevant statute lists alternative means of violation, the general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive[,] the verdict stands if the evidence is sufficient with respect to any of the acts charged.” *United States v. Durman*, 30 F.3d 803, 810 (7th Cir. 1994) (cleaned up). “This rule extends to a trial court’s jury instructions in the disjunctive in the context of a conjunctively worded indictment.” *Id.* Young’s appellate counsel thus did not deficiently perform by not raising this argument on appeal.

Next, Young contends that his appellate counsel was ineffective for failing to argue that this Court erred in denying his Rule 29 motion. Young’s Mot. at 10–11. This argument, however, rehashes the same meritless view that he was improperly convicted because he did not “entice” any minors,[5] and he otherwise raises grounds

---

[5]Young also asserts that the Seventh Circuit has interpreted “entice” to broadly cover the kinds of acts alleged of him, so without an indictment charging him with enticing minors,

for collateral relief that he did not present within the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

Young also believes that his appellate counsel was ineffective for arguing that Young did not coerce the victims, because coercion is not a required element of the offense when the victims are minors. Young's Mot. at 11–12; *see* 18 U.S.C. § 1591(a). But Young cannot show that appellate counsel's decision prejudiced him: even if that argument were unnecessary on appeal, Young offers no reason why "there is a reasonable probability that … the result of the [appeal] would have been different" if appellate counsel had not raised the argument. *See Strickland*, 466 U.S. at 694.[6]

Young next contends that his appellate counsel was ineffective for failing to challenge his sentence. Young's Mot. at 12. In his view, because the indictment did not properly charge him with violating § 1591(a), his guidelines range could not rely on the base offense level or enhancements found in § 2G1.3 of the Sentencing Guidelines. *See id.*; Young's Reply at 23–24; *see also, e.g.*, CR. 252, Young's Objection to

---

he believes that his conviction was improper. *See, e.g.*, Young's Reply at 28 (citing *United States v. McMillian*, 777 F.3d 444, 447 (7th Cir. 2015)). But *McMillian* does not support Young's reading; instead, the Seventh Circuit listed several acts that the defendant in that case committed, only one of which was enticement. *McMillian*, 777 F.3d at 447 (detailing defendant's transporting, enticing, and advertising of minors).

[6]Young also appears to argue that, without proof of coercion, he could not be convicted under § 1591 because the statute's title describes trafficking "by force, fraud, or coercion." Young's Reply at 24. But the full title reads, "Sex trafficking of children *or* by force, fraud, or coercion." 18 U.S.C. § 1591 (emphasis added). The jury found Young guilty of sex trafficking of children.

PSR. The government also took Young to argue that a sentencing enhancement for using a computer was incorrectly imposed. Gov't Resp. at 20–22.

But regardless of how Young's argument here is construed, it lacks merit. First, as discussed earlier, Young was correctly convicted under § 1591(b)(2) for sex trafficking of minors. His guidelines range was thus correctly calculated under Guideline § 2G1.3, as opposed to § 2G1.1, because the latter provision concerns sex trafficking of victims *other than minors*. Based on Guideline § 2G1.3(a)(2), his convictions under § 1591(b)(2) correctly warranted a base offense level of 30. His appellate counsel's decision not to raise this argument thus was neither deficient nor prejudicial.

Second, to the extent that Young instead challenges the imposition of one or more sentencing enhancements, his argument fails. Young does not explain why, for instance, he did not qualify for the various specific offense characteristics on each count. *See United States v. Brasher*, 105 F.4th 1002, 1006–10 (7th Cir. 2024) (explaining that § 1B1.3(a) permits guidelines calculation to consider uncharged, relevant conduct). Young does argue that the two-point enhancement for obstruction of justice under Guideline § 3C1.1 was improper, *see* Young's Reply at 26–27, but he cannot show that his appellate counsel's failure to challenge the enhancement prejudiced him. Young's total offense level was 50 and thus was capped at 43. CR. 218, Presentence Investigation Report ¶ 101; U.S.S.G. ch. 5, pt. A, cmt. n.2. So whether or not this enhancement applied, Young's total adjusted offense level would have remained 43. Young thus again fails to show either deficient performance or prejudice by his appellate counsel.

## IV. Conclusion

For the reasons discussed, Young's § 2255 motion, R. 1, is denied. In order to obtain a certificate of appealability, Young must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met only if "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). The ineffective-assistance-of-appellate-counsel and sentencing arguments clearly lack merit, as explained in this Opinion, so Young has not made the requisite showing. No certificate of appealability shall issue.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 17, 2025